IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14cv213

| | | |
|---|---|---|
| GENERAL SYNOD OF THE UNITED CHURCH OF CHRIST, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| ROY COOPER, et al., | ) ) ) | |
| Defendants. | ) ) | |

Pending before the Court are the Motions to Stay [# 44, # 47 & # 61] and the Motion for Oral Argument [# 78]. Defendants move to stay this case pending a ruling from the United States Court of Appeals for the Fourth Circuit in <u>Bostic v. Rainey</u>. Plaintiffs oppose staying this case. Upon a review of the record, the relevant legal authority, and the parties' briefs, the Court **GRANTS** the Motions to Stay [# 44, # 47 & # 61].

**I.     Analysis**

As the United States Supreme Court has explained, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-

55, 57 S. Ct. 163, 166 (1936). "The determination by a district judge in granting or denying a motion to stay proceedings calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." United States v. Georgia Pacific Corp., 562 F.2d 294, 296 (4th Cir. 1977); see also Maryland v. Universal Elections, Inc., 729 F.3d 370, 375 (4th Cir. 2013).

The Court finds that staying this case pending the final resolution of Bostic in the Fourth Circuit is the most efficient means of managing these proceedings, especially in light of the recent decision by the panel, Bostic v. Schaefer, __ F.3d __, 2014 WL 3702493 (4th Cir. Jul. 28, 2014). As this Court recently explained in its Order staying a similar case:

> Although Bostic concerns the constitutionality of Virginia's legislated prohibition on same-sex marriage, see Bostic v. Rainey, Civil No. 2:13cv395, 2014 WL 561978 (E.D. Va. Feb. 13, 2014), the analysis of the constitutional issues before the Fourth Circuit will be extremely pertinent, if not dispositive, of some of the issues in this case – namely, whether North Carolina's marriage laws that define marriage as between a man and a woman are constitutional. The Court finds that it would be a waste of judicial resources, as well as the resources of the State and the Plaintiffs, to move forward in this case prior to a decision in Bostic. Put simply, the outcome in Bostic will in all likelihood shape the outcome of this litigation.

McCrory v. State of North Carolina, No. 1:14CV65, 2014 WL 2048068 (W.D.N.C. May 19, 2014) (Howell, Mag. J.)

Any delay in these proceedings will be minimal since a panel for the Fourth Circuit has already issued an opinion in Bostic. As such, the Court will only stay these proceedings pending resolution of the case by the Fourth Circuit *en banc,* if the Fourth Circuit decides to hear this matter *en banc*, or upon the entry of the formal mandate if the matter is not heard *en banc*. Such a stay will not be indefinite, and the stay will result in minimal delay and little, if any, prejudice to Plaintiffs. Moreover, the stay will facilitate the more expeditious resolution of this case, as the Court is bound by any decision of the Fourth Circuit. Upon lifting the stay, the District Court can address the pending Motion for Preliminary Injunction.

## II. Conclusion

The Court **GRANTS** the Motions to Stay [# 44, # 47 & # 61]. The Court **STAYS** this case pending a ruling from the United States Court of Appeals for the Fourth Circuit *en banc* in Bostic v. Rainey or upon the entry of the mandate if the matter is not heard in *en banc*. Either party may move to lift the stay in this case ten (10) days after the occurrence of these events. Finally, the Court **DENIES** the Motion for Oral Argument [# 78].

Signed: August 12, 2014

Dennis L. Howell
United States Magistrate Judge