UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-213

| | |
|---|---|
| GENERAL SYNOD OF THE UNITED CHURCH OF CHRIST, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ROY COOPER, in his official capacity as the Attorney General of North Carolina, *et al*.,<br>Defendants. | MOTION ON CONSENT OF THE PARTIES TO AMEND CAPTION WITH RESPECT TO DEFENDANT ATTORNEY GENERAL ROY COOPER, TO GRANT ATTORNEY GENERAL ROY COOPER'S MOTION TO INTERVENE, AND TO DISMISS PLAINTIFFS' FIRST AMENDMENT CLAIMS |

Plaintiffs and Defendant Roy Cooper respectfully submit this Motion on Consent. In support, Plaintiffs and Defendant Cooper state as follows:

1. On April 28, 2014, Plaintiffs filed their Complaint. [DE 1]. On June 3, 2014, Plaintiff filed an Amended Complaint. [DE 52].

2. On October 9, 2014, Defendants Roy A. Cooper and the named District Attorneys, (the "State Defendants"), filed their Answer and affirmative defenses-motions to dismiss the Complaint. [DE 104].

3. Among other grounds asserted, Mr. Cooper alleged that the Court lacked jurisdiction, and therefore, the Complaint should be dismissed as to Mr. Cooper. At the same time, Mr. Cooper sought to intervene in this matter, in a representative capacity on behalf of the State of North Carolina, pursuant to Rule 24 of the Federal Rules of Civil Procedure. [DE 104].

4. Additionally, the State Defendants asserted that "[t]he opinion of the Fourth Circuit Court of Appeals in *Bostic v. Schaefer*, No. 14-1167, __ F.3d __, 2014 WL 3702493 (4th Cir. July 28, 2014), *cert. denied sub nom. McQuigg v. Bostic*, ___ S.Ct. ____, 2014 WL

4354536 (Oct. 6, 2014), addresses and resolves the 14th amendment issues raised by Plaintiffs in their complaint. That opinion constitutes binding precedent on this Court. As a consequence, and in accordance with *Bostic v. Schaefer*, the legal conclusions of these paragraphs, as they pertain to Plaintiffs' 14th Amendment rights, are admitted. To the extent the allegations of these paragraphs pertain to the Free Exercise and Expressive Association rights of these Plaintiffs pursuant to the 1st Amendment of the United States Constitution, those allegations have been rendered moot by the opinion in *Bostic v. Schaefer*, and therefore are denied." [DE 104].

5. Counsel to the Plaintiffs, on behalf of their clients, and Mr. Cooper have agreed to amend the caption of this case to remove Mr. Cooper as defendant and add him as an Intervenor on behalf of the State of North Carolina for the presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of the constitutionality of North Carolina's statutes and constitutional amendment challenged in this action, in furtherance of the Attorney General's constitutional, statutory and common law duties.

6. No defendant other than Mr. Cooper, nor any ground to dismiss other than Mr. Cooper's jurisdictional argument in this matter, is impacted by this Motion, and all other grounds to dismiss are preserved.

7. Counsel for Plaintiffs, on behalf of their clients, and Mr. Cooper have further agreed that in light of the binding precedent of *Bostic v. Schaefer*, and its resolution of Plaintiff's Fourteenth Amendment claims as reflected in the Answer filed by the State Defendants, Plaintiffs' First Amendment claims should be dismissed at the time judgment is entered on the Fourteenth Amendment claims.

WHEREFORE, Plaintiffs and Mr. Cooper request that the Court enter an Order allowing the caption of the Complaint to reflect that Mr. Cooper appears in this matter for all purposes as an Intervenor rather than as a Defendant, and to grant Mr. Cooper's Motion to Intervene.   Plaintiffs and Mr. Cooper further request that the Court enter an Order dismissing Plaintiffs' First Amendment claims at the time judgment is entered on the Fourteenth Amendment claims, and for such other and further relief as the Court deems just and proper.

Respectfully submitted this the 10th day of October 2014.

| | |
|---|---|
| Jonathan S. Martel | /s/ S. Luke Largess |
| David J. Weiner | S. Luke Largess |
| Samuel Witten | /s/ Jacob H. Sussman |
| Sarah E. Warlick | Jacob Sussman |
| Thomas A. Glazer | /s/ John W. Gresham |
| Arnold & Porter LLP | John W. Gresham |
| 555 Twelfth Street, N.W. | Tin Fulton Walker & Owen |
| Washington, D.C.   20004 | 301 East Park Avenue |
| Phone: (202) 942-5470 | Charlotte, NC 28203 |
| Fax: (202) 942-5999 | Phone:   (704) 338-1220 |
| Email:   jonathan.martel@aporter.com | Fax: (704) 338-1312 |
| *Admitted Pro Hac Vice* | Email: llargess@tinfulton.com |
| | Email: jsussman@tinfulton.com |
| Sean Morris | Email: jgresham@tinfulton.com |
| Arnold & Porter LLP | |
| 777 South Figueroa St. | Mark Kleinschmidt |
| Los Angeles, CA 90017 | Tin Fulton Walker & Owen |
| Phone: (213) 243-4222 | 312 West Franklin Street |
| Email: sean.morris@aporter.com | Chapel Hill NC 27516 |
| *Admitted Pro Hac Vice* | Phone: (919) 240-7089 |
| | Fax: (919) 240-7822 |
| | Email: mkleinschmidt@tinfulton.com |

ATTORNEYS FOR PLAINTIFFS

    ROY COOPER
    North Carolina Attorney General

3

Case 3:14-cv-00213-MOC-DLH   Document 114   Filed 10/10/14   Page 3 of 5

/s/ Amar Majmundar
Amar Majmundar
Special Deputy Attorney General
North Carolina State Bar No. 24668
N.C.   Department of Justice
Post Office Box 629
Raleigh, NC 27602
Telephone: (919) 716-6821
Facsimile: (919) 716-6759
Email: amajmundar@ncdoj.gov

/s/ Olga E. Vysotskaya de Brito
Olga E. Vysotskaya de Brito
Special Deputy Attorney General
North Carolina State Bar No. 31846
N. C. Department of Justice
Post Office Box 629
Raleigh, NC 27602
Telephone: (919) 716-0185
Facsimile: (919) 716-6759
Email: ovysotskaya@ncdoj.gov

/s/ Charles Whitehead
Charles G. Whitehead
Special Deputy Attorney General
North Carolina State Bar No. 39222
N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6840
Facsimile: (919) 716-6758
Email: cwhitehead@ncdoj.gov

ATTORNEYS FOR STATE DEFENDANTS

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of October 2014, I electronically filed the foregoing **CONSENT MOTION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                /s/ Olga E. Vysotskaya de Brito
                                                Olga E. Vysotskaya de Brito
                                                Special Deputy Attorney General

5

Case 3:14-cv-00213-MOC-DLH   Document 114   Filed 10/10/14   Page 5 of 5