UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00213-MOC-DLH

| | |
|---|---|
| **GENERAL SYNOD OF THE UNITED CHURCH OF CHRIST, et al.,** | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| Vs. | ) ORDER DENYING MOTION TO<br>) INTERVENE<br>) |
| **DREW RESINGER, REGISTER OF DEEDS FOR BUNCOMBE COUNTY, et al., ,** | )<br>)<br>) |
| Defendants, | )<br>) |
| And | )<br>) |
| **ROY COOPER, ATTORNEY GENERAL OF NORTH CAROLINA,** | )<br>)<br>) |
| Intervenor. | )<br>)<br>) |

**THIS MATTER** is before the court on Thom Tillis's, North Carolina Speaker of the House of Representatives, and Phil Berger's, President Pro Tempore of the North Carolina Senate, on behalf of themselves, and their members and constituents (hereinafter "proposed intervenor" and/or "General Assembly") Motion to Intervene (#107). For the reasons briefly discussed herein, the court will deny such request.

I.

In order to intervene as of right under Rule 24(a)(2), Federal Rules of Civil Procedure, the proposed intervenors must establish: (1) that their motion was timely; (2) they have an

-1-

interest relating to the subject matter of the action; (3) a potential for impairment of that interest without intervention; and (4) the identified interest is not adequately represented by the other parties already present in the litigation. Teague v. Bakker, 931 F.2d 259, 260–61 (4th Cir.1991). Each factor will be considered *seriatim*.

A.

Even though this action has been pending for several months, the court will consider the motion timely as the Supreme Court's denial of *certiorari* in Bostic v. Schaefer, 760 F.3d 352 (4th Cir. 2014), occurred only four days before the proposed intervenors filed their motion. Schaefer v. Bostic, ___ S.Ct. ___, 2014 WL 4354536 (U.S. Oct. 6, 2014) (denying *certiorari*).

B.

The court next considers what interest the proposed intervenors have in this action. In order to intervene, a proposed intervenor must show that its interest is "significantly protectable." Donaldson v. United States, 400 U.S. 517, 531 (1971). The Supreme Court has also held that "certain public concerns may constitute an adequate 'interest' within the meaning of [Rule 24(a)(2)]." Diamond v. Charles, 476 U.S. 54, 68 (1986) (citing Cascade Natural Gas Corp. v. El Paso Natural Gas Co., 386 U.S. 129, 135 (1967).

In Commack Self-Service Kosher Meats, Inc. v. Rubin, 170 F.R.D. 93 (E.D.N.Y. 1996), the district court considered a motion to intervene filed by the New York Speaker of the House where the constitutionality of a New York law was challenged. In conducting a nearly identical four-step analysis, the Commack court found at step two that the Speaker of the House had a sufficient interest in "upholding the constitutionality of the laws enacted by the State Legislature…." Id. at 101.

Finding that there is some persuasive authority for the proposition that a legislative body and its presiding officers have an interest in litigation that concerns the constitutionality of laws the legislature has passed, the court finds at step two that the proposed intervenors have an interest relating to the subject matter of this litigation.

C.

As to the potential for impairment without the proposed intervention, the interest identified may well be impaired by the Fourth Circuit's decision in Bostic, which is undeniably the law of this circuit and binding on this lower court in light of the denial of *certiorari*. Considering the phrase "without the proposed intervention," the potential for impairment is neither heightened nor lowered by the proposed intervenors' participation or non-participation in light of adequate representation being afforded that interest by North Carolina's Attorney General, as more fully discussed *infra*. In an abundance of caution, however, the court will resolve factor three in favor of the proposed intervenors as there exists a real and present potential for impairment.

D.

Finally, the court has considered whether the interest identified by the proposed intervenors is adequately represented by the state defendants who are already parties to this lawsuit. In Commack, supra, after finding that the Speaker of the New York House had an interest in the litigation, the court went on to hold that "'to intervene in a suit in [the] district court in which a state is already a party, ... [the movant] must overcome [the] presumption of adequate representation….'" Id. at 104 (quoting United States v. Hooker Chemicals & Plastics Corp., 749 F.2d 968, 984–85 (2d Cir.1984); citations omitted).

Here, too, a presumption of adequate representation arises, but is certainly subject to rebuttal by the proposed intervenors. The state defendants include, among others, five of the state's district attorneys, all of whom are represented by a number of special deputies within the Office of the North Carolina Attorney General. Under North Carolina law, it is the *duty* of the North Carolina Attorney General to:

> defend all actions in the appellate division in which the State shall be interested, or a party, and to appear for the State in any other court or tribunal in any cause or matter, civil or criminal, in which the State may be a party or interested.

N.C.Gen.Stat. § 114-2(1).[1] Consistent with that provision, the North Carolina Supreme Court has held that "the duties of the Attorney General in North Carolina as prescribed by statutory and common law include the duty to appear for and to defend the State or its agencies in all actions in which the State may be a party or interested." Martin v. Thornburg, 320 N.C. 533, 546 (1987).

Review of the pleadings in this matter reveals that the interests of the proposed intervenors and the state defendants are identical – to uphold and defend the laws of the State of North Carolina – and that those interests have been adequately represented by the Attorney General throughout this litigation. While the proposed intervenors may well not agree with admissions and concessions made by the state defendants in their Answer (#104) and subsequent pleadings, those admissions are clearly mandated by prevailing law in light of Bostic and the Attorney General's obligations under Rule 11(b)(2). Fed.R.Civ.P. 11(b)(2).

---

1   The court notes the 2014 amendments to §114 as provided in S.L. 2014-100, which were approved August 7, 2014. Review of those amendments does not disclose any substantive change to §114-2.

Albeit in the context of a motion to intervene by a private concern, the adequacy of North Carolina's defense of the *Woman's Right to Know Act* was recently addressed by the Fourth Circuit, which held as follows:

> it is among the most elementary functions of a government to serve in a representative capacity on behalf of its people. In matters of public law litigation that may affect great numbers of citizens, it is the government's basic duty to represent the public interest. And the need for government to exercise its representative function is perhaps at its apex where, as here, a duly enacted statute faces a constitutional challenge. In such cases, the government is simply the most natural party to shoulder the responsibility of defending the fruits of the democratic process.

Stuart v. Huff, 706 F.3d 345, 351 (4th Cir. 2013).

North Carolina law makes it clear that it is the Attorney General who is charged with "shoulder[ing] the responsibility of defending the fruits of the democratic process." Id. After careful review, the record before this court indicates that the Attorney General has in fact vigorously pursued North Carolina's defense of the laws challenged in this action, first as a defendant and now as an intervenor himself. While the proposed intervenors certainly believe the Attorney General has abrogated his duty under N.C.Gen.Stat. § 114-2(1), nothing before this court supports such conclusion.

Finally, the court has considered proposed intervenors' argument that the Attorney General has improperly given up the right to appeal this court's final decision; however, the court does not read the pleadings that broadly. While the state certainly cannot argue issues on appeal it does not believe have merit, if the state believes this court errs when it enters its judgment in this case, it is welcome and encouraged to file an appeal.

E.

Based on a full consideration of all the factors, the court finds that the proposed intervenors' interests are, have been, and continue to be adequately represented by the North Carolina Attorney General. Intervention as of right will, therefore, be denied.

II.

Finally, the court has considered the possibility of permissive joinder. In relevant part, Rule 24(b)(2) provides that the court *may* "permit a … state governmental officer or agency to intervene if a party's claim or defense is based on: (A) a statute or executive order administered by the officer or agency …."[2] Clearly, a legislative body promulgates, debates, and passes laws; however, it is not even arguable that the legislature administers or enforces those laws. See N.C. Const. Art. II, § 20 "Powers of the General Assembly" (providing in relevant part that the General Assembly "shall prepare bills to be enacted into laws.").

Finding no basis for permissive intervention and no benefit that can be derived through permissive intervention, the proposed intervenors' request for permissive intervention will also be denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Motion to Intervene (#107) is **DENIED**.

Signed: October 10, 2014

Max O. Cogburn Jr.
United States District Judge

---

[2] Part "B" of Rule 24(a)(1) appears to be inapplicable to the motion now before the court as it deals with intervention where state or federal regulations, orders, or agreements are placed at issue..